

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JUSTIN BIRDHORSE, | * | CIV 14-1004 |
| Petitioner, | * | |
| | * | OPINION AND ORDER |
| -vs- | * | DENYING MOTION TO VACATE |
| | * | AND ORDER DENYING |
| UNITED STATES OF AMERICA, | * | CERTIFICATE OF APPEALABILITY |
| Respondent. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

Petitioner, who is confined at the United States Penitentiary in Tucson, Arizona, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pleaded guilty to sexual abuse of a person incapable of consenting and was sentenced on April 16, 2012, to 276 months custody. A second sexual abuse by force count was dismissed as part of the plea agreement. Petitioner filed a notice of appeal. The United States Court of Appeals for the Eighth Circuit affirmed on December 12, 2012. United States v. Birdhorse, 701 F.3d 548 (8th Cir. 2012). The mandate issued January 8, 2013.

Petitioner contends in his motion to vacate that (1) he received ineffective assistance of trial counsel in failing to advise him that the government could not give him the sentence that was offered in the plea agreement, (2) the prosecutor committed misconduct in negotiating the plea agreement, (3) his sentence violates the Equal Protection Clause of the United States Constitution because he received a sentence double what other defendants received, (4) I committed clear error when sentencing the defendant based upon conduct alleged in a count that was dismissed, and (5) he received ineffective assistance of counsel on appeal when she failed to raise the foregoing issues on appeal.

I have conducted an initial review of the motion pursuant to Rule 4 of the Rules Governing § 2255 Proceedings.

## DECISION

### I. Ineffective Assistance of Trial Counsel.

To support a claim of ineffective assistance of counsel, a two prong test must be met. "To succeed on this claim, [petitioner] must show ineffective assistance--that counsel's representation fell below an objective standard of reasonableness." Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (*quoting* Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Petitioner "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998), (*citing* Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d (1984)) The burden of establishing ineffective assistance of counsel is on the petitioner. Delgado v. United States, 162 F.3d at 982. Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

Petitioner contends counsel was ineffective in failing to advise him that he could receive a sentence longer than what was offered by the government as part of the plea agreement, i.e., a sentence based upon a range that did not take into account a two level reduction for acceptance of responsibility. Petitioner also contends counsel was ineffective in failing to move to withdraw his guilty plea once it was disclosed that his sentencing range would not reflect an adjustment for acceptance of responsibility. Finally, he contends counsel was ineffective in failing to allow him to review the presentence investigation report prior to sentencing.

As part of the plea agreement, the defendant agreed to plead guilty to sexual abuse, a charge carrying a maximum custodial sentence of life in prison. In exchange, the government agreed to dismiss another charge of sexual abuse that also carried a maximum custodial sentence of life in prison. The government agreed to recommend a sentence within the guideline range and the defendant agreed that such recommendation was not binding on the Court. The government further agreed:

> The United States agrees that based upon the information known to it at this time, the Defendant is entitled to a two-level decrease in his offense level pursuant to U.S.S.G. § 3E1.1(a), provided no evidence is disclosed in

2

> the presentence report which indicates the Defendant has not demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and further provided he: (1) complies with the terms of this plea agreement; (2) testifies truthfully during the change of plea hearing; (3) participates truthfully with the Probation Office in the presentence investigation; (4) does not violate any conditions of pretrial detention or release after he signs this agreement; and (5) continues to exhibit conduct consistent with acceptance of responsibility. Both the United States and the Defendant otherwise reserve the right to present evidence and make argument regarding sentencing.

At the change of plea hearing, petitioner testified twice that the statements in the factual basis statement which he signed were true. In the factual basis statement, petitioner agreed that:

> On or about August 12, 2011, Justin Birdhorse went into [redacted] residence in Wakpala, South Dakota, and went into [redacted] bedroom. [Redacted] was asleep on her bed. The defendant then removed [redacted] pants and panties, got on top of her, and placed his penis in her vagina while [redacted] was asleep and incapable of appraising the nature of the defendant's sexual assault and physically incapable of declining participation in or communicating unwillingness to engage in that sexual act.

The Probation Officer wrote in the presentence investigation report that, during the presentence interview, defendant told the Probation Officer:

> He stated he was heavily intoxicated when he entered [the victim's] residence. He stated when he walked in, [the victim] was talking to someone on the telephone, and she told them to bring more alcohol. The defendant stated he was going to leave, but [the victim] told him to stay. He states he observed hickeys on [the victim's] neck at that time, and she started grabbing onto him. The defendant reported he did not put his hands on [the victim] or grab her in any way. He stated [the victim] pulled him to her bedroom, and she started to take off his shirt. He stated they fell onto the bed, and [the victim] pulled him on top of her. The defendant stated [the victim] wanted to have sex with him, rather than him wanting to have sex with her. He reported [the victim] took off her pants and panties and he tried to get off of her, but she held onto him. The defendant stated he was unable to get an erection due to his level of intoxication so he was unable to have sex with her. He stated he tried to leave and she started screaming at him, telling him to get out.

3

The foregoing was contrary to the factual basis statement and contrary to the evidence that petitioner's sperm cells were found in the victim's vagina during a rape examination performed soon after the offense.

At the change of plea hearing, petitioner testified under oath that the factual basis statement was true. I asked him:

> Do you understand that any estimate of an advisory guideline range that Ms. Broz may have given you is only an estimate, and the final advisory guideline range may be different, may call for a longer sentence than what you talked about with your lawyer; and if that happens, you would not be able to withdraw any plea of guilty which you may have entered under this plea agreement. Do you understand that?

Petitioner testified that he understood that. I further asked:

> Do you understand that if you plead guilty here today, that at a later date I will conduct a sentence hearing. At that hearing, I will listen to the evidence. I will not require anyone to prove anything beyond a reasonable doubt, but again only by a preponderance of the evidence. Based upon the evidence, I will then decide what the facts are. Based upon what I find the facts to be, I will decide what your advisory guideline range is, and I will then sentence you within the guideline range, below the guideline range, or above the guideline range not to exceed, of course, life imprisonment. Now, do you understand all of that?

Petitioner testified that he understood that. I further asked:

> Do you also understand also that any recommendations made to me by your attorney or by the U. S. Attorney's Office are not binding on me, and if I choose not to follow any of those recommendations and impose a sentence on you that is more severe than that being recommended, you would not be able to withdraw any plea of guilty under this plea agreement? The question is whether you understand that?

Petitioner again testified that he understood that. Finally, I asked:

> Has anyone promised you what sentence you would receive if you plead guilty to Count I?

Petitioner testified "no."

Petitioner's representations during the plea hearing "carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Bramlett v. Lockhart, 876 F.2d 644, 648 (8th Cir. 1989) (citing Voytik v. United States, 778 F.2d 1306, 1308 (8th

4

Cir.1985) (quoting Blackledge v. Allison, 431 U.S. 63, 73, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977))). Petitioner cannot show that he was prejudiced by any alleged failure by counsel to advise him concerning the two level reduction for acceptance of responsibility. I advised him that I could impose any sentence I found to be reasonable as long as the sentence did not exceed the statutory maximum and petitioner testified, under oath, that he understood that. Petitioner cannot show that there is a "reasonable probability that, but for counsel's [failure to advise him that he may not, in fact, receive a reduction for acceptance of responsibility], the result of the proceeding would have been different." Toledo v. United States, 581 F.3d 678, 680 (8th Cir. 2009).

As the United States Supreme Court observed in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970):

> Often the decision to plead guilty is heavily influenced by the defendant's appraisal of the prosecution's case against him and by the apparent likelihood of securing leniency should a guilty plea be offered and accepted . . . The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.

Brady, 397 U.S. at 756-57, 90 S.Ct. at 1473. Petitioner was advised at his change of plea hearing that I, and only I, would determine his guideline range and the length of his sentence. His plea is not subject to collateral attack because he misapprehended whether I would in fact apply a two level reduction for acceptance of responsibility.

Counsel was not ineffective in failing to move to withdraw the guilty plea once the presentence investigation report was disclosed which calculated the guideline sentencing range without applying an adjustment for acceptance of responsibility. As set forth above, there would have been no basis to withdraw the guilty plea based upon the calculation of the guideline range.

Finally, petitioner cannot show that counsel was ineffective in failing to allow petitioner to review the presentence investigation report prior to the sentencing hearing. At the sentencing hearing I specifically addressed petitioner and asked if he had read and received a copy of, *inter*

*alia*, the presentence investigation report. He answered in the affirmative. I was entitled to rely upon his answer. He cannot now claim, contrary to his representation in open court, that he did not have an opportunity to read the presentence investigation report.

## II. Prosecutorial Misconduct.

Petitioner contents the prosecutor committed misconduct when, in negotiating a plea agreement, the prosecutor "offered the defendant a sentence the government is powerless to grant." Section 2255 provides federal prisoners a remedy for claims that their "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The remedy "does not encompass all claimed errors in conviction and sentencing." Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (*quoting* United States v. Addonizio, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979)). It is well-recognized that, as a general rule, prosecutorial misconduct does not merit federal habeas relief unless the misconduct "so infected the [proceedings] with unfairness as to make the resulting conviction a denial of due process" Darden v. Wainwright, 477 U.S. 168, 181, 106 S.Ct. 2464, 2471-72, 91 L.Ed.2d 144 (1986) (*quoting* Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974)). *Accord*, Roberts v. Bowersox, 137 F.3d 1062, 1066 (8th Cir. 1998), Louisell v. Dir. of Iowa Dept. of Corr., 178 F.3d 1019, 1023 (8th Cir. 1999), and Stringer v. Hedgepeth, 280 F.3d 826, 829 (8th Cir. 2002).

The prosecutor in this case did not commit misconduct regarding the promise to recommend a reduction in offense level for acceptance of responsibility. The prosecutor did not promise that the guideline range would reflect a reduction for acceptance of responsibility. Instead, the prosecutor promised to *recommend* to the Court that the reduction for acceptance of responsibility be applied to reduce the guideline range. The recommended reduction is a standard provision in plea agreements in the District of South Dakota. The plea agreement is clear that the recommendation was contingent upon petitioner continuing to demonstrate acceptance of responsibility. Further, petitioner was advised during the change of plea hearing

6

that the Court was not bound by the recommendation and petitioner testified under oath that he understood that.

The government did nothing improper in negotiating the plea agreement provision at issue here. Petitioner breached the plea agreement by failing to continue to accept responsibility for his crime. It was not improper at that point for the government to withdraw its recommendation. United States v. Birdhorse, 701 F.3d at 551.

**III. Equal Protection.**

Petitioner contends that he was sentenced to nearly twice the custodial sentence as certain other defendants, which he contends violates the Equal Protection Clause of the United States Constitution. The Sentencing Reform Act mandates that district courts shall, in determining the sentence to impose, consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). To that end, all sentencing proceedings begin by calculating the applicable guideline range. Gall v. United States, 552 U.S. 38, 49, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007). The Federal Sentencing Guidelines direct that a defendant's sentencing range be determined based upon base offense levels applicable to all defendants who have committed a specified crime. The base offense level is then adjusted for various specific offense characteristics to ensure that similar crimes have similar guideline ranges. The actual range is then determined taking into account the criminal history of the defendant in question.

Petitioner's sentencing range was calculated pursuant to the Federal Sentencing Guidelines. The base offense level applied, 30, is the same base offense level applied to all offenders who sexually abuse a person incapable of consenting. Further, all such offenders receive a two level enhancement for vulnerable victim. His sentence was longer than some offenders I have sentenced for the same offense because he received a four level enhancement for force and did not receive any reduction for acceptance of responsibility. Further, his guideline range was determined based upon a criminal history category of III. Defendants who do not receive a four level enhancement for force and who receive the acceptance of responsibility reduction usually have a total offense level of 29 and, with a criminal history category of I, their

resulting guideline range would be 87 - 108 months. Petitioner's total offense level was 36 and, with a criminal history category of III, his range was 235 - 293 months.

To the extent that petitioner's sentence is different from other offenders who did not use force during the offense, who accepted responsibility, and who have lower criminal history categories, his sentence does not violate the Constitution's Equal Protection Clause nor the Sentencing Reform Act's prohibition against disparate sentences.

## VI. Clear Error.

Petitioner contends that I committed clear error when I applied a four level enhancement for force because he pleaded guilty to Count I, sexual abuse of a victim incapable of consent, but did not plead guilty to Count II, forcible rape. Petitioner's claim is procedurally defaulted. He attempted to raise the issue on appeal but was prevented from doing so because he waived the right to appeal in the plea agreement. United States v. Birdhorse, 701 F.3d at 551. Failure to raise the issue on direct appeal bars petitioner from raising the issue for the first time in a section 2255 habeas corpus proceeding. Reid v. United States, 976 F.2d 446, 447 (8th Cir.1992). This rule applies equally to a criminal defendant who waives his right to appeal pursuant to a plea agreement and therefore is barred from a direct appeal. *See Id.* at 448. The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). Thus, if a criminal defendant waives his right to appeal, he has also waived his right to collaterally challenge the conviction and sentence in a § 2255 civil proceeding.

In any event, the law is clear in the Eighth Circuit that, where the facts support it, it is not error to enhance for force even if force was charged in a count for which a defendant is acquitted. United States v. Papakee, 573 F.3d 569, 576 (8th Cir. 2009).

## V. Ineffective Assistance of Counsel on Appeal.

Petitioner contends counsel was ineffective in failing to raise the foregoing issues on appeal, even after having been instructed to do so by counsel. Counsel did file an appeal, even though petitioner had waived, as part of his plea agreement, any right to appeal his conviction and sentence. The Eighth Circuit did consider but rejected petitioner's claim that the government violated the plea agreement. The Eighth Circuit also rejected petitioner's claims that

8

I erred in calculating the sentencing guideline range, noting that petitioner had waived any appeal.

Petitioner cannot demonstrate under Strickland any prejudice suffered by any alleged failure to raise issues on appeal. The result of the proceeding would not have been different because, as set forth previously, any claims would have been rejected by the Court of Appeals as in violation of the waiver of appeal in the plea agreement.

**VI. Evidentiary Hearing.**

The district court must hold an evidentiary hearing on a § 2255 motion which presents factual issues. United States v. Lambros, 614 F.2d 179, 181 (8th Cir. 1980). However, a § 2255 "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (*quoting* Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). No evidentiary hearing is necessary in this matter because it plainly appears from the face of the motion, after an extensive review of the record, that the petitioner is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**ORDER**

Now, therefore,

IT IS ORDERED that the motion to vacate, set aside, or correct sentence is denied.

**TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:**

Petitioner pleaded guilty to sexual abuse and was sentenced to 276 months imprisonment. His direct appeal was denied. Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 contending that he received ineffective assistance of counsel, the prosecutor committed misconduct, his sentence violates the Equal Protection Clause of the United States Constitution, and I committed clear error when sentencing the defendant. I summarily denied the motion to vacate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner did not and has not made a substantial showing of the denial of a constitutional right.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2255 motions. Any application for a certificate of appealability is denied. This in no way hampers the petitioner's ability to request issuance of the certificate by a United States Circuit Judge pursuant to Fed. R. App. P. 22.

Dated this 31st day of March, 2014.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Sarah Treberch
DEPUTY
(SEAL)

10